SUMMARY ORDER

Petitioner Hui Ming Lin, a native and citizen of the People’s Republic of China, seeks review of the October 31, 2008 order of the BIA affirming the June 11, 2007 decision of Immigration Judge (“IJ”) Sandy K. Horn denying his applications for asylum, -withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Hui Ming Lin, No. A079 305 618 (B.I.A. Oct. 31, 2008), aff'g No. A079 305 618 (Immig. Ct. N.Y. City June 11, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA does not adopt the decision of the IJ to any extent, we review only the decision of the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see Manzur v. U.S. Dep’t of Homeland Sec., *702 494 F.3d 281, 289 (2d Cir.2007). Questions of law and the application of law to undisputed fact are reviewed de novo. See Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008). Here, the IJ denied Lin’s application for relief on credibility grounds, yet the BIA assumed Lin’s credibility and denied relief based on Lin’s failure to meet his burden of proof under Shi Liang Lin v. U.S. Dep’t of Justice, 494 F.3d 296 (2d Cir.2007). Accordingly, we review only the BIA decision, and assume Lin’s credibility. See Yan Chen, 417 F.3d at 271 (declining to consider IJ’s credibility findings where the BIA assumed the petitioner’s credibility and did not adopt the IJ’s decision to any extent).
We have previously determined that, under 8 U.S.C. § 1101(a)(42), an individual is not per se eligible for asylum based on the forced abortion or sterilization of a spouse or partner. Shi Liang Lin, 494 F.3d at 308. Rather, “applicants can become candidates for asylum relief only based on persecution that they themselves have suffered or must suffer.” Id. Thus, because Lin is not eligible for relief based on the harm suffered by his wife, he was required to show that: “(1) he resisted China’s family planning policy; (2) he was persecuted (or has a well-founded fear of persecution); and (3) the persecution was or would be because of [his] ... resistance to the policy.” Matter of M-F-W & L-G-, 24 I. & N. Dec. 633, 641 (BIA 2008).
Even assuming, as the BIA appears to have done, that Lin’s actions constituted “resistance” to China’s family planning policy, the agency reasonably concluded that he was not persecuted on account of those actions. Here, Lin asserts that his arrest and brief detention by family planning officials rose to the level of persecution. However, this argument is unavailing, as we have previously held that a brief detention and release, without more, does not constitute persecution. See Joaquin-Ponus v. Gonzales, 435 F.3d 172, 182 (2d Cir.2006) (upholding agency’s determination that applicant was not eligible for withholding of removal based on “brief’ detention, after which he was released “without harm”). Moreover, because Lin admitted that, apart from his arrest and brief detention, he faced no other repercussions for stating his opposition to China’s coercive family planning policy during the ten years after his wife’s sterilization, the BIA also correctly determined that Lin failed to show a well-founded fear of future persecution. See Ramsameachire v. Ashcroft, 357 F.3d 169, 178 (2d Cir.2004) (to establish asylum eligibility based on future persecution, applicant must show that he subjectively fears persecution and that this fear is objectively reasonable). Thus, the BIA’s denial of Lin’s asylum and withholding of removal claims was appropriate. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006) (failure to establish eligibility for asylum necessarily precludes eligibility for withholding of removal because of the latter’s higher standard of proof).
While Lin argues that the BIA erred by denying his claim for CAT relief based on his illegal departure and alleged resistance to China’s family planning policy, the agency correctly found that Lin failed to demonstrate that it was more likely than not he would be tortured if returned to China. It is well-settled that the agency does not err in finding that a petitioner is not “entitled to CAT protection based solely on the fact that she is part of the large class of persons who have illegally departed China,” see Mu Xiang Lin v. U.S. Dep’t of Justice, 432 F.3d 156, 160 (2d Cir.2005). And, as already observed, the fact that Lin lived in China for ten years after his wife’s sterilization, without incident, confirms the agency’s determination that he would not likely be tortured if returned.
*703 Lin’s remaining arguments are unavailing. First, Lin’s assertion that the BIA erred by remanding his case to the IJ following this Court’s stipulation and order is without merit. That order instructed the BIA to make clear and complete findings regarding Lin’s credibility and the plausibility of his claims, and the BIA reasonably determined that further factfinding was necessary to assess these issues. See 8 C.F.R. § 1003.1(d)(3)(iv) (mandating that the BIA “will not engage in factfinding in the course of deciding appeals,” and that, “[i]f further factfinding is needed in a particular case, the Board may remand the proceeding to the [IJ]”).
Second, the BIA did not abuse its discretion in denying Lin’s request for an additional remand to the IJ to consider evidence in light of Shi Liang Lin. The record shows that Lin had a full opportunity to present evidence in his original hearing concerning his actions incident to his wife’s sterilization, and he affirmatively testified that, apart from his arrest and bi’ief detention, he faced no other repercussions for voicing his objection to China’s family planning policies. See Shu Wen Sun v. BIA, 510 F.3d 377, 381 n. 5 (2d Cir.2007) (no remand needed to introduce additional evidence of “other resistance” where factual record was “adequately developed” as to this issue). Moreover, Lin failed to identify any additional evidence in support of his claims-not previously considered by the IJ-that he could present were his case remanded. Cf. Gui Yin Liu v. INS, 508 F.3d 716, 723 (2d Cir.2007) (remand to agency for consideration of additional evidence as to “other resistance” appropriate where no such evidence was introduced or considered at original hearing).
Third, the BIA’s application of Shi Liang Lin to Lin’s claims did not violate his due process rights or warrant remand to the agency for a nunc pro tunc order. Shi Liang Lin was decided prior to the BIA’s dismissal of Lin’s appeal, and, as a general rule, the BIA applies the law in effect at the time it enters a decision. See 8 C.F.R. § 1003.1(d)(3)(ii)(BIA has the authority on appeal to apply the law as it exists at the time it renders its decision); NLRB v. Coca-Cola Bottling Co., 55 F.3d 74, 78 (2d Cir.1995)(“Appellate courts ordinarily apply the law in effect at the time of the appellate decision”).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).